Rollins, S.
It is declared by section 2830 of the Code of Procedure that before letters of guardianship of an infant’s property are issued by the surrogate’s court, the person appointed must execute to the infant and file with the surrogate a bond with two sureties in a certain specified sum.
In 1881, after the foregoing provision went into effect, the legislature passed an act entitled “An act to facilitate the giving of bonds required by law” (c. 486). It provided that in cases where a person was required by law to give a bond with security for the faithful performance of any duty, an officer authorized to accept such bond and to pass upon its sufficiency might in his discretion approve the .same “whenever the conditions of such bond should be guaranteed by a company duly organized and authorized to guarantee the same.”
A question has arisen whether it is still necessary that a guardian’s bond should bear the names of two sureties, or whether such a bond is in conformity with law, though it be signed by the guardian alone, if it is approved by the surrogate and is guaranteed by such a corporation as is referred to in the act of 1881. Either view seems to be in harmony with the language of that act. But as to the meaning and intent of its provisions, whatever doubts may at first suggest themselves will *109 disappear, I think, upon careful examination of certain of its terms to which reference has not yet been made.
For example, upon reading the statute as a whole, it is discovered that it does not expressly relieve an officer who takes a guaranteed bond from the duty of examining and determining the sufficiency of sureties. Indeed, the very absence of any distinct provision for such relief is urged as an argument against the acceptance of such bond without such sureties. But if it is still incumbent upon the officer to whom a bond is submitted for approval to require justification of sureties in all cases, or by some inquiry to ascertain their responsibility, it was very absurd to provide that lie might accept bonds whenever they were guaran teed by a duly authorized corporation. Of course he might, if they were otherwise in conformity with law and consistent with the proper exercise of his discretion. No legislation was necessary to tell him that, for nobody can ever have supposed that even a worthless guaranty could invalidate a bond which was duly executed and secured by the sufficiency of its sureties, or that the acceptance of such a guaranty upon such a bond was an illegal act until it was expressly authorized by the legislature.
It must assuredly have been intended that the guaranty of the corporation, if satisfactory to the officer to whom a bond was offered for approval, should supply the place not only of justification of sureties, but of any inquiry into their sufficiency, or indeed of any requirement of pecuniary responsibility on their part. But in view of this destruction of the substance of suretyship upon guaranteed bonds there was manifestly no advantage in retaining its form, and herein lies an argument of some force in favor of the view that a bond which is guaranteed as required by the statute, and is duly approved, is effectual without bearing any name as surety.
*110 This view is also supported by another consideration. Section 2 of the act provides that the guaranty of an authorized company “ shall not be accepted whenever its liabilities shall exceed its assets.”
Now, unless it is intended that the guaranty may supply the place of the surety, this singular anomaly presents itself: that upon a bond which scrupulously complies with the requirements of law and bears the names of the requisite number of responsible sureties, the officer to whom it is submitted is absolutely forbidden to accept the guaranty of any company whose liabilities exceed its asssets.
So many absurdities seem to result from any other interpretation of the statute than that which vests discretionary authority in the surrogate, in passing upon the sufficiency of a bond, under circumstances like the present, to dispense with sureties upon the due execution of a guaranty, that I must sustain the construe-' tion which would hold that even without sureties a bond so guaranteed is valid and legal.*

The guaranties of the company referred to above have been the subject of other decisions of the courts.
In the case of Sweeney v. Rogers, Marine Court, November, 1881, the following decision was rendered:
McAdam, J.—The correct interpretation of the act of 1881 (c. 486) is that whenever “ The Fidelity and Casualty Co.” guarantee any bond or undertaking, no other sureties are required; that the company, by operation of said act, takes the place of qualified sureties under the different provisions of the Code, and like them, must justify if excepted to. In fact, the act conferring this privilege on the company in express terms provides that nothing therein contained “ shall prevent a justification on the part of said company, through its officers, as required by law of other sureties.” This provision is a declaration of the legislative intent. The plaintiffs having in due form excepted to the sufficiency of the sureties, the company must (in conformity to the act), through its officers, justify as to its pecuniary sufficiency, to the end that it may be made to appear affirmatively, in the language of section % of the act, that its liabilities do not exceed its assets. '
*111 In the case of Ryan v. Cochran, Supreme Court, Sp. T. December, 1881, Donohue, J., the following order was entered:
“ On the coming on of the hearing of the objections by plaintiff to the defendant’s undertaking, on appeal to the court of appeals, with the Fidelity and Casualty Company as surety thereon, and after hearing Eugene Smith, Esq., in support of the objections—that there should be two sureties; that the undertaking by said company is ultra •vires; and that the act changing the name of said company is unconstitutional and void—and Mr. Lewis Sanders, for the defendant, in opposition, Ordered, That the said objections be and they are hereby severally overruled, and the said undertaking approved.”
This decision was followed in the subsequent case of Colgate v. Pennsylvania Co., the following opinion being rendered:
Lawrence, J.—The objections which are urged by the plaintiff's counsel to the undertaking are similar in character to those which were argued before Mr. Justice Donohue in the case of Ryan v. Cochran. In that case the learned justice overruled the objections and approved the undertaking. Regarding that case as a precedent, I shall overrule the objections in this case and sustain the undertaking.
After the enactment of the act of 1881, the following rule was made by the general term of the supreme court for the first department:
“ The Fidelity and Casualty Company of New York is hereby designated as a company duly authorized and empowered by an act of the legislature of the State of New York, entitled “ An act to facilitate the giving of bonds required by law,” passed June 18th, 1881, to guarantee all bonds and undertakings required or permitted by law, conditioned for the faithful performance of any duty, or for the doing or not doing of anything in said bond or undertaking specified; and any justice of this court is authorized in his discretion, to accept and approve of the sufficiency of any bond or undertaking in any suit or action in this court, or in any proceeding,' except in criminal cases, in which by law it is provided that any bond or undertaking shall be accepted or approved by any justice of this court, whenever such bond or undertaking is conditioned for the faithful performance of any duty, or the doing or not doing of anything in such bond or undertaking specified, and the performance of the conditions thereof is guaranteed by the Fidelity and Casualty Company of New York, or the same is executed by said company as surety; subject, however, to the requirement by said justice of a justification by such company, as such surety, through its president or secretary, in the same manner as is required by law of other sureties. The secretary of said company shall transmit to the justices holding the *112 first general term in the first department, in each year, a statement under oath, showing its financial condition on the 31st day of December preceding said statement.”
The general term of the supreme court for the second department subsequently passed the following rule, which differs somewhat in its terms from the foregoing:
“ The Fidelity and Casualty Company of Mew York is hereby designated as a company authorized and empowered by an act of the legislature of the State of Mew York, entitled “An act to facilitate the giving of bonds required by law," passed June 13, 1881, to guarantee all bonds and undertakings required or permitted by law, conditioned for the faithful performance of any duty, or for the doing or not doing of anything in said bond or undertaking specified; and any justice of this court is authorized in his discretion to accept and approve of the sufficiency of any bond or undertaking in any suit or acnon in this court, or in any proceeding except in criminal cases, in which by law it is provided that any bond or undertaking shall be accepted or approved by any justice of this court, whenever such bond or undertaking is conditioned for the faithful performance of any duty, or the doing or not doing of anything in such bond or undertaking specified, and the condition of which is guaranteed by the Fidelity and Casualty Company of Mew York, or the same is executed by said company as surety, through its president or secretary, in the same manner as required by law of other sureties. The secretary of said company shall transmit to the justices holding the first general term in the second department, in each year, a statement showing its financial condition on the 31st day of December preceding said statement."